IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA and DWAYNE HILL,** | : | |
|     **Plaintiffs** | : | |
| | : | No. 1:21-cv-1424 |
| v. | : | |
| | : | (Judge Rambo) |
| **SUPT. HARRY.,** *et al.*, | : | |
|     **Defendants** | : | |

# ORDER

**AND NOW**, on this 8th day of September 2021, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiffs' motions for leave to proceed *in forma pauperis* (Doc. Nos. 8, 10) are **GRANTED**;

2. Plaintiff Dwayne Hill shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff Dwayne Hill's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

   a. The average monthly deposits in the inmate's prison account for the past six months, or

   b. The average monthly balance in the inmate's prison account for the past six months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount

in Plaintiffs Dwayne Hill's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Hill's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to forward a copy of this Order to the Superintendent/Warden of the institution where Plaintiff Dwayne Hill is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. Plaintiff Donna Hill's claims, as well as Plaintiff Dwayne Hill's Fourteenth Amendment due process claims concerning the deprivation of personal property, are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted;

7. The Clerk of Court is directed to terminate Donna Hill as a Plaintiff in the above-captioned action;

8. Plaintiff Dwayne Hill's claims against Defendant Harry, as well as his Eighth Amendment claims concerning the denial of medical care at SCI Camp Hill, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff Dwayne Hill may file an amended complaint with respect to these claims within thirty (30) days of the date of this Order. If Plaintiff Dwayne Hill elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff Dwayne Hill claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff Dwayne Hill elect to file

an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supersede the original complaint. *See Knight v. Wapinsky*, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived. *Id.* (citations omitted). Accordingly, Plaintiff Dwayne Hill's amended complaint must also set forth his First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Knaub should he wish to proceed upon them as well;

9. The Clerk of Court is directed to **TRANSFER** Plaintiff Dwayne Hill's claims against Defendants Sorber, Bradley, Terra, and Stenkowski to the United States District Court for the Eastern District of Pennsylvania. The Clerk of Court is then directed to terminate these individuals as Defendants in the above-captioned action;

10. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form; and

11. The Court will defer service of the complaint for thirty (30) days. If Plaintiff Dwayne Hill files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff Dwayne Hill fails to file an amended complaint within thirty (30) days of the date hereof, the Court will take further steps to effect service of the original complaint upon Defendant Knaub.

                        s/ Sylvia H. Rambo
                        United States District Judge