IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA and DWAYNE HILL,** | : | |
| **Plaintiffs** | : | |
| | : | No. 1:21-cv-01424 |
| v. | : | |
| | : | (Judge Rambo) |
| **SUPT. HARRY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the Court are two (2) motions that have been filed by Plaintiff Dwayne Hill ("Mr. Hill"). He seeks discovery from Defendants and leave from the Court to file a supplemental complaint. (Doc. Nos. 33, 36.) For the reasons that are set forth below, the Court will deny both of Mr. Hill's motions.

**I.    BACKGROUND**

On August 16, 2021, pro se Plaintiffs Mr. Hill and Donna Hill ("Mrs. Hill") (collectively, "Plaintiffs"), who are husband and wife,[1] initiated the above-captioned action by filing an original complaint pursuant to 42 U.S.C. § 1983, asserting violations of their First, Eighth, and Fourteenth Amendment rights, as well as "the torts of assault and battery, negligence[,] and interference with their conjugal rights." (Doc. No. 1 at 1.) Named as Defendants were the following:

---

[1] Plaintiffs alleged that, even though Mr. Hill is a prisoner in the custody of the Pennsylvania Department of Corrections and that Mrs. Hill is a resident of Pittsburgh, Pennsylvania, anything Mr. Hill suffers physically, emotionally, and financially, Mrs. Hill likewise suffers. (Doc. No. 1 ¶¶ 17, 39, 42.)

State Correctional Institution ("SCI") Camp Hill Superintendent Harry ("Harry"); SCI Phoenix Superintendent Sorber ("Sorber"); SCI Phoenix Deputy Superintendents Bradley ("Bradley") and Terra ("Terra"); SCI Phoenix Unit Manager Stenkowski ("Stenkowski"); and SCI Camp Hill Correctional Officer Knaub ("Knaub"). (Id. at 2.) In addition to the original complaint, Plaintiffs also filed motions for leave to proceed in forma pauperis. (Doc. Nos. 8, 10.)

In a Memorandum and Order, entered on September 8, 2021, the Court granted Plaintiffs leave to proceed in forma pauperis and screened the complaint pursuant to the Prison Litigation Reform Act.² (Doc. Nos. 11, 12.) In doing so, the Court partially dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Id.) More specifically, the Court: (1) dismissed with prejudice Mrs. Hill's claims, as well as Mr. Hill's Fourteenth Amendment due process claims concerning the deprivation of his personal property; (2) dismissed without prejudice Mr. Hill's claims against Defendant Harry, as well as his Eighth Amendment claims concerning the denial of medical care at SCI Camp Hill; and (3) transferred Mr. Hill's claims against Defendants Sorber, Bradley, Terra, and Stenkowski to the United States District Court for the Eastern District of Pennsylvania. (Id.) In addition, the Court granted

---

² See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

Mr. Hill leave to file an amended complaint within thirty (30) days and noted that, if he failed to file an amended complaint, the above-captioned action would proceed only as to his First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Knaub.  (Id.)

On September 21, 2021, Mr. Hill filed an amended complaint.  (Doc. No. 16.)   He again asserted his Fourteenth Amendment due process claim concerning the deprivation of his personal property, as well as his claims against Defendants Sorber, Bradley, Terra, and Stenkowski.  (Doc. No. 17 at 2.)  As the Court previously advised Mr. Hill, however, his Fourteenth Amendment due process claim concerning the deprivation of his personal property had been dismissed with prejudice, and his claims against Defendants Sorber, Bradley, Terra, and Stenkowski had been transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.  (Id. at 2-3.)  As a result, the Court, in an Order entered on September 22, 2021, informed Mr. Hill that this action would not proceed any further on those claims and that the only Defendants before the Court are Defendants Harry and Knaub.  (Id.)  The Court then directed service of the amended complaint upon those two (2) Defendants.  (Id. at 3.)

On November 22, 2021, Defendants Harry and Knaub filed their answer (Doc. No. 27) to Mr. Hill's amended complaint.  That same day, the Court directed the parties to complete discovery within six (6) months and to file any dispositive

3

motions within sixty (60) days of the date on which discovery closes. (Doc. No. 28.) Since the Court issued that scheduling order, Mr. Hill has filed several motions.

On January 4, 2022, Mr. Hill filed a motion for leave to file a supplemental complaint, along with a brief in support and a proposed supplemental complaint. (Doc. Nos. 33, 34, 35.) On January 18, 2022, Mr. Hill filed a motion to compel discovery from Defendants, along with a brief in support. (Doc. Nos. 36, 37.) And, on January 28, 2022, Mr. Hill filed a motion for the appointment of counsel or, in the alternative, a motion to enjoin Defendants from using a third party to serve him. (Doc. No. 38.)

On March 10, 2022, the Court issued an Order, denying Mr. Hill's motion for the appointment of counsel without prejudice and deeming his request to enjoin Defendants withdrawn pursuant to Local Rule 7.5. (Doc. No. 39.) In that Order, the Court also directed Defendants to file, on or before March 31, 2022, responses to Mr. Hill's motions to file a supplemental complaint and to compel discovery. (Id.) In accordance with that directive, Defendants filed their responses on March 30, 2022. (Doc. Nos. 40, 41, 42.) As reflected by the Court's docket, Mr. Hill has not filed any replies, and the time period for doing so has passed. Thus, Mr. Hill's pending motions are ripe for the Court's consideration.

4

## II. DISCUSSION

### A. Mr. Hill's Motion to File a Supplemental Complaint

In his motion to file a supplemental complaint, Mr. Hill seeks leave under Rule 15 of the Federal Rules of Civil Procedure to assert a First Amendment retaliation claim. (Doc. Nos. 33, 34, 35). In support, he alleges that, during the pendency of this litigation, Defendants' "Central Office" sent him a letter, informing him that he was no longer on the Restricted Release List ("RRL") placement. (Doc. Nos. 34 ¶ 2, 35 ¶ 110.) Mr. Hill does not explain the meaning of RRL placement, but he has submitted this letter to the Court, which is dated October 12, 2021, and provides as follows: a "Facility Manager/designee may request that an inmate be placed on the RRL when he/she poses a threat to the secure operation of the facility and where a transfer to another facility or jurisdiction would not alleviate the security concern." (Doc. No. 35 at 3.)

Mr. Hill claims that, in retaliation for filing and prosecuting this lawsuit, Defendant Terra subsequently informed him, on December 17, 2021, that he was "approved for" RRL placement. (Doc. Nos. 34 ¶ 3, 35 ¶¶ 111-112.) In addition, Mr. Hill claims that "prison officials" also retaliated against him by confiscating his personal property and moving him to a different housing unit. (Doc. Nos. 34 ¶¶ 4-5, 35 ¶¶ 113-114.) Mr. Hill argues that there was "no justification" for confiscating his personal property or retaining his legal material. (Doc. Nos. 34

5

¶ 5, 35 ¶ 115.)  Thus, based upon all of these allegations, Mr. Hill seeks leave to supplement his amended complaint with a First Amendment retaliation claim. (Doc. No. 33 at 1.)

Defendants, however, have opposed Mr. Hill's motion to file a supplemental complaint on several grounds.  (Doc. No. 40.)  Specifically, they argue that his request disregard's the Court's prior pleading instructions, violates Rules 18 and 20 of the Federal Rules of Civil Procedure, and fails to state a First Amendment retaliation claim as a matter of law.  (Id.)  As a result, Defendants implore the Court to deny Mr. Hill's motion to file a supplemental complaint.  (Id.)

Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  A supplemental pleading "'deal[s] with events subsequent to the pleading to be altered and represent[s] additions to or continuations of the earlier pleadings.'"  See T Mobile Ne. LLC v. City of Wilmington, Delaware, 913 F.3d 311, 317 n.4 (3d Cir. 2019) (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1504 (3d ed. 2018)).

6

"'Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement [a pleading], any resulting prejudice to the other parties in the action, and whether the supplement would be futile.'" See Millhouse v. United States, No. 1:19-cv-665, 2019 WL 5722030, *2-3 (M.D. Pa. Nov. 5, 2019) (some alternations in original) (quoting Green v. Klinefetter, No. 3:16-cv-2367, 2019 WL 80443, at *3 (M.D. Pa. Jan. 2, 2019)).

Ultimately, "[t]he decision of whether to permit a plaintiff to file an amended or supplemental complaint under Rule 15 is within a [d]istrict [c]ourt's discretion and is guided by Rule 15's liberal standards." See Garrett v. Wexford Health, 938 F.3d 69, 89 (3d Cir. 2019) (citation omitted). Indeed, "[a]s the Advisory Committee Notes make clear, 'Rule 15(d) is intended to give the [district] court broad discretion in allowing a supplemental pleading.'" See T Mobile, 913 F.3d at 326 (some alternations in original) (quoting Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment).

Here, Mr. Hill seeks to supplement his amended complaint with a First Amendment retaliation claim. The only Defendant Mr. Hill names in the proposed supplemental complaint is Defendant Terra. (Doc. No. 35.) As discussed above, however, the Court previously determined that Mr. Hill's claims against Defendant

7

Terra were improperly brought before the Court and, thus, the claims against Defendants Terra were transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 11 at 18 (explaining that Mr. Hill's claims against Defendant Terra concerned events that occurred at SCI Phoenix and, thus, because SCI Phoenix is located in in the Eastern District, because Defendant Terra is also located there, and because there was no apparent basis for venue of his claims in the Middle District, the Court transferred those claims to the Eastern District); Doc. No. 17 at 2 (reiterating that Mr. Hill's claims against Defendant Terra had been transferred to the Eastern District and denying Mr. Hill's attempt to proceed any further on his claims against Defendant Terra).) Consequently, the Court finds that Mr. Hill's attempt to now reinsert Defendant Terra into the litigation by way of a supplemental complaint contravenes the Court's prior Orders.

In addition, the Court finds that the factors set forth above, see Millhouse, 2019 WL 5722030, *2, weigh heavily against granting Mr. Hill's motion to file a supplemental complaint. Specifically, the Court finds that the proposed supplemental complaint pertains to a defendant who is no longer a part of this litigation (i.e., Defendant Terra) and involves conduct that is alleged to have occurred at another state correctional institution (i.e., SCI Phoenix), which is located in a completely separate federal judicial district (i.e., Eastern District).

Because of this, and because there is no apparent basis for venue of his claims in the Middle District, Mr. Hill's First Amendment retaliation claim lies within the venue of the Eastern District. Thus, for all of these reasons, the Court finds that the supplement sought by Mr. Hill would be futile, would cause delay, and would not promote justiciable disposition of this case. Accordingly, the Court, in the exercise of its discretion, will deny Mr. Hill's motion to file a supplemental complaint.

> B.  **Mr. Hill's Motion for Discovery**

In his motion to compel discovery, Mr. Hill alleges that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, he served a discovery request for the production of documents on November 2, 2021, and a "second one" on December 12, 2021. (Doc. No. 37 at 1.) Mr. Hill alleges that Defendants failed to respond within thirty (30) days and that they did not make any effort to obtain an extension of time from him or the Court. (Id.) Thus, he requests the Court to grant his motion to compel and to order Defendants to pay the reasonable expenses associated with his motion in the amount of $198.50. (Id. at 2.)

Defendants have opposed Mr. Hill's motion to compel discovery. (Doc. No. 41.) They argue, in essence, that the motion should be denied as moot, because they have responded to all of the discovery requests that they received from Mr. Hill in this litigation. (Id. at 1, 2.) In support, Defendants have submitted a

number of exhibits, which contain copies of the parties' correspondence regarding Mr. Hill's request for the production of documents. (Doc. Nos. 42-1 through 42-6.)

Those exhibits demonstrate that: on December 2, 2021, Defendants sent their responses and objections to Mr. Hill's discovery request for the production of documents (Doc. No. 41-1); Defendants subsequently received a letter from Mr. Hill, dated December 4, 2021, wherein he inquired about the status of their responses to his discovery request (Doc. No. 42-2 at 2); Defendants responded to Mr. Hill's letter on December 9, 2021, explaining that his inquiry and Defendants' responses to his discovery request must have crossed in the mail and that he should inform Defendants if he does not receive their responses, and Defendants will resend them (Doc. No. 42-3 at 2); Mr. Hill subsequently sent two letters, which Defendants received on January 4, 2021 (Doc. Nos. 42-4 at 2, 42-5 at 2); and finally, Defendants responded to Mr. Hill's letters on January 10, 2022, stating that they were resending their discovery responses to him (Doc. No. 42-6).

In addition to these exhibits, Defendants also allege that Mr. Hill called defense counsel on January 24, 2022, inquiring about the discovery materials. (Doc. No. 41 at 2.) Defendants allege that defense counsel informed Mr. Hill that their responses were sent on December 2, 2021, and resent on January 10, 2022. (Id.) Defendants also allege that defense counsel verified Mr. Hill's inmate

10

number and the location of his incarceration.  (Id.)  As a result, Defendants contend that they have made several efforts to ensure that Mr. Hill received their responses. (Id.)

The Court, having carefully reviewed Mr. Hill's motion to compel discovery, as well as Defendants' opposition, will deny Mr. Hill's motion as moot. Defendants have submitted documentation to the Court, which demonstrates that they sent their responses to Mr. Hill's request for the production of documents not once, but twice.  Defendants' documentation further demonstrates that defense counsel communicated with Mr. Hill and made efforts to ensure that he received Defendants' responses to his discovery request.  And, finally, the Court observes that Mr. Hill has not responded to Defendants' arguments or otherwise filed his own documentation that would contradict what Defendants have presented to the Court.

Thus, for all of these reasons, the Court finds that Mr. Hill was already provided with the responses that he seeks from Defendants in his motion to compel discovery.  As a result, the Court will deny his motion as moot.

## III.  CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will deny Mr. Hill's motion to file a supplemental complaint and Mr. Hill's motion to compel discovery from Defendants.  (Doc. Nos. 33, 36.)  An appropriate Order follows.

s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge