IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA and DWAYNE HILL,** | : | |
| Plaintiffs | : | |
| | : | No. 1:21-cv-01424 |
| v. | : | |
| | : | (Judge Rambo) |
| **SUPT. HARRY, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

**I.   BACKGROUND**

On August 16, 2021, pro se Plaintiffs Dwayne Hill ("Mr. Hill") and Donna Hill ("Mrs. Hill") (collectively, "Plaintiffs"), who are husband and wife,[1] commenced the above-captioned action by filing an original complaint pursuant to the provisions of 42 U.S.C. § 1983, asserting violations of their First, Eighth, and Fourteenth Amendment rights, as well as "the torts of assault and battery, negligence[,] and interference with their conjugal rights." (Doc. No. 1 at 1.) Named as Defendants were the following individuals: State Correctional Institution ("SCI") Camp Hill Superintendent Harry ("Harry"); SCI Phoenix Superintendent Sorber ("Sorber"); SCI Phoenix Deputy Superintendents Bradley ("Bradley") and Terra ("Terra"); SCI Phoenix Unit Manager Stenkowski ("Stenkowski"); and SCI Camp

---

[1] Plaintiffs alleged that, even though Mr. Hill is a prisoner in the custody of the Pennsylvania Department of Corrections and that Mrs. Hill is a resident of Pittsburgh, Pennsylvania, anything Mr. Hill suffers physically, emotionally, and financially, Mrs. Hill likewise suffers. (Doc. No. 1 ¶¶ 17, 39, 42.)

Hill Correctional Officer Knaub ("Knaub").  (Id. at 2.)  In addition to the original complaint, Plaintiffs also filed motions for leave to proceed in forma pauperis.  (Doc. Nos. 8, 10.)

In a Memorandum and Order, entered on September 8, 2021, the Court granted Plaintiffs leave to proceed in forma pauperis and screened the complaint pursuant to the Prison Litigation Reform Act.[2]  (Doc. Nos. 11, 12.)  In doing so, the Court partially dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Id.)  More specifically, the Court: (1) dismissed with prejudice Mrs. Hill's claims, as well as Mr. Hill's Fourteenth Amendment due process claims concerning the deprivation of his personal property; (2) dismissed without prejudice Mr. Hill's claims against Defendant Harry, as well as his Eighth Amendment claims concerning the denial of medical care at SCI Camp Hill; and (3) transferred Mr. Hill's claims against Defendants Sorber, Bradley, Terra, and Stenkowski to the United States District Court for the Eastern District of Pennsylvania.  (Id.)  In addition, the Court granted Mr. Hill leave to file an amended complaint within thirty (30) days and noted that, if he failed to file an amended complaint, the above-captioned action would proceed

---

[2] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

only as to his First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Knaub.  (Id.)

On September 21, 2021, Mr. Hill filed an amended complaint.  (Doc. No. 16.)  He again asserted his Fourteenth Amendment due process claim concerning the deprivation of his personal property, as well as his claims against Defendants Sorber, Bradley, Terra, and Stenkowski.  (Doc. No. 17 at 2.)  As the Court previously advised Mr. Hill, however, his Fourteenth Amendment due process claim concerning the deprivation of his personal property had been dismissed with prejudice, and his claims against Defendants Sorber, Bradley, Terra, and Stenkowski had been transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.  (Id. at 2-3.)  As a result, the Court, in an Order entered on September 22, 2021, informed Mr. Hill that this action would not proceed any further on those claims and that the only Defendants before the Court are Defendants Harry and Knaub.  (Id.)  The Court then directed service of the amended complaint upon those two (2) Defendants.  (Id. at 3.)

On November 22, 2021, Defendants Harry and Knaub filed their answer (Doc. No. 27) to Mr. Hill's amended complaint.  That same day, the Court directed the parties to complete discovery within six (6) months and to file any dispositive motions within sixty (60) days of the date on which discovery closes.  (Doc. No. 28.)  After the Court issued that scheduling Order, Mr. Hill filed a motion seeking leave

to file a supplemental complaint (Doc. No. 33), a motion to compel discovery from Defendants (Doc. No. 36), and a motion for the appointment of counsel or, in the alternative, a motion to enjoin Defendants from using a third party to serve him (Doc. No. 38).

On March 10, 2022, the Court issued an Order, denying Mr. Hill's motion for the appointment of counsel without prejudice and deeming his request to enjoin Defendants withdrawn pursuant to Local Rule 7.5. (Doc. No. 39.) In that Order, the Court also directed Defendants to file, on or before March 31, 2022, responses to Mr. Hill's motions to file a supplemental complaint and to compel discovery. (Id.) In accordance with that directive, Defendants filed their responses on March 30, 2022. (Doc. Nos. 40, 41, 42.)

On May 4, 2022, the Court issued a Memorandum and Order denying Mr. Hill's motions. (Doc. Nos. 43, 44.) Regarding his motion to supplement, the Court observed that Mr. Hill sought to supplement his amended complaint with a First Amendment retaliation claim and observed that the only Defendant Mr. Hill had named in the proposed supplemental complaint was Defendant Terra. (Doc. No. 43 at 5-6, 7.) Because the Court previously determined that Mr. Hill's claims against Defendant Terra were improperly brought before the Court and thus were transferred to the United States District Court for the Eastern District of Pennsylvania, the Court concluded that Mr. Hill's attempt to reinsert Defendant Terra into the litigation by

4

way of a supplemental complaint contravened the Court's prior Orders. (Doc. No. 43 at 7-8.) The Court also determined that the pertinent factors governing motions seeking leave to file supplemental pleadings weighed heavily against granting Mr. Hill's motion to file a supplemental complaint in this matter. (Id. at 8-9.) More specifically, the Court found that the proposed supplemental complaint pertained to a defendant who is no longer a part of this litigation (i.e., Defendant Terra) and involved conduct that is alleged to have occurred at another state correctional institution (i.e., SCI Phoenix), which is located in a completely separate federal judicial district (i.e., Eastern District). (Id. at 8.) Because of that, and because there was no apparent basis for venue of his claims in the Middle District, the Court concluded that the supplement sought by Mr. Hill would be futile, would cause delay, and would not promote justiciable disposition of this case. (Id. at 9.) As a result, the Court denied Mr. Hill's motion to file a supplemental complaint. (Id.; Doc. No. 44.)

Regarding his motion to compel discovery, the Court observed that Defendants had submitted documentation to the Court, which demonstrated that they sent their responses to Mr. Hill's request for the production of documents not once, but twice. (Doc. No. 43 at 11.) Defendants' documentation further demonstrated that defense counsel communicated with Mr. Hill and made efforts to ensure that he had received Defendants' responses to his discovery request. (Id.) Thus, the Court

concluded that Mr. Hill had already been provided with the responses that he sought from Defendants in his motion to compel discovery. (Id.) As a result, the Court denied his motion as moot. (Id.; Doc. No. 44.)

Thereafter, on May 12, 2022, Mr. Hill filed a motion to vacate judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. No. 47), along with a supporting brief (Doc. No. 48), arguing that the Court must vacate its May 4 2022 Memorandum and Order denying his motions to file a supplemental complaint and to compel discovery from Defendants. In support, Mr. Hill raises, essentially, two (2) arguments: (1) Defendant Harry "can be, and should be[,] held liable for [former-Defendant] Terra's actions[;]" and (2) Plaintiff did not receive Defendants' responses to his motions to file a supplemental complaint and to compel discovery. (Id. at 2-3 (complaining about the cost that the "institutions [sic] mail room is charging[,]" and challenging how inmate mail is being processed for the Pennsylvania Department of Corrections via Smart Communications, a third party contractor).)

On May 26, 2022, Defendants filed a brief in opposition to Plaintiff's motion to vacate. (Doc. No. 49.) Defendants argue that Plaintiff's motion should be denied because it fails to set forth sufficient legal and factual arguments to meet the exacting standard for a motion for reconsideration. (Id.) As reflected by the Court's docket,

6

Plaintiff did not file a reply brief, and the time period for doing so has passed.  Thus, Plaintiff's motion to vacate is ripe for the Court's disposition.

## II.   DISCUSSION

A federal court has the "inherent authority" to reconsider its prior interlocutory orders, "at any point during which the litigation continue[s]," so long as the federal court "retains jurisdiction over the case[.]"  See In re Energy Future Holdings Corp., 904 F.3d 298, 307 (3d Cir. 2018) (citation, internal citation, and internal quotation marks omitted); State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 (3d Cir. 2016) (stating that a federal district court has the "inherent power to reconsider prior interlocutory orders[,]" but that this power relies on the court retaining jurisdiction over the case) (footnote omitted)).

A party may file a motion for reconsideration under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). "Although motions for reconsideration under [these Rules] serve similar functions, each has a particular purpose." See id. More specifically, Rule 60(b) provides six (6) grounds "for reconsideration, including 'mistake, inadvertence, surprise, or excusable neglect[.]'" See id. (citing Fed. R. Civ. P. 60(b)(1)). By contrast, however, Rule 59(e) is, inter alia, "used to allege legal error." See id.  As explained by the United States Court of Appeals for the Third Circuit,

7

"the function of the motion, and not the caption, dictates which Rule is applicable." See id. at 287-88 (citations omitted).

Here, because Plaintiff's arguments indicate, essentially, that the Court has committed legal error, the Court treats Plaintiff's motion as being filed pursuant to Rule 59(e). Under the standard governing Rule 59(e) motions, the moving party must establish at least one of the following grounds: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" See Energy Future Holdings Corp., 904 F.3d at 311 (alteration in original) (quoting United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-89 (3d Cir. 2014)); Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

As "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence[,]" see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted), "[t]he scope of a motion for reconsideration . . . is extremely limited[,]" see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Thus, "[s]uch motions are not to be used as an opportunity to relitigate the case[.]" See id. (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)).

8

Here, the Court finds that Plaintiff, as the movant, has not met his burden to justify reconsideration of the Court's May 4, 2022 Memorandum and Order. In particular, the Court finds that Plaintiff has not pointed to an intervening change in controlling law, new evidence that was not available when the Court issued its May 4, 2022 Memorandum and Order, or any clear error of law or fact contained in that Memorandum and Order.[3] As a result, the Court will deny his motion. See Blystone, 664 F.3d at 415 (stating that "[t]he scope of a motion for reconsideration . . . is extremely limited").

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court will deny Plaintiff's motion to vacate. (Doc. No. 47.) An appropriate Order follows.

Dated: April 11, 2023

s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

---

[3] While Plaintiff loosely asserts that (1) Defendant Harry "can be, and should be[,] held liable for [former-Defendant] Terra's actions" and that (2) Plaintiff did not receive Defendants' responses to his motions to file a supplemental complaint and to compel discovery (Doc. No. 48 at 2-3), the Court notes that Plaintiff has not provided a sufficient factual or legal basis in support of these assertions such that reconsideration would be justified here.