IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE HILL, | : | Civil No. 1:21-cv-01424 |
| Plaintiff, | : | |
| v. | : | |
| SUPERINTENDENT HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Currently before the court are Defendant's two motions in limine. (Docs. 109, 111.) For the reasons set forth below, the court will defer ruling on the first motion and will grant the second motion in part.

### BACKGROUND

Dwayne Hill ("Plaintiff") is a state prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correction Institution Pine Grove ("SCI-Pine Grove"). In August of 2021, Petitioner and his spouse initiated this action by raising multiple constitutional challenges pursuant to 42 U.S.C. § 1983 against six defendants. (Doc. 1.) Pursuant to screening under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), Plaintiff's spouse was terminated as a party, his complaint was severed, and the claims against three defendants were transferred to the United States District Court for the Eastern District of

1

Pennsylvania. (Doc. 12.) Plaintiff was granted leave to proceed *in forma pauperis* and to file an amended complaint. (*Id.*)

The operative complaint in the above captioned matter was received and docketed by the court on September 21, 2021. (Doc. 16.) Following additional screening of the amended complaint, the court limited Plaintiff's claims to those raised against two defendants: (1) SCI-Camp Hill Superintendent Harry ("Harry") and SCI-Camp Hill Correctional Officer Knaub ("Knaub"). (Doc. 17.) Defendants answered the complaint on November 22, 2021. (Doc. 27.)

Following the resolution of the parties' cross motions for summary judgment, the sole remaining claims before the court include a First Amendment retaliation claim for the use of O.C. spray against Plaintiff by Defendant Knaub, an Eighth Amendment use of excessive force claim for the use of O.C. spray against Plaintiff by Defendant Knaub, and state law assault and battery claims against Defendant Knaub based on the use of excessive force. (Doc. 80.) Plaintiff may only recover monetary and retroactive injunctive relief against Defendant Knaub in his personal capacity and may recover prospective injunctive relief against him in his official capacity. (*Id.*)

Specifically, the allegations pertaining to the surviving claims as presented by Plaintiff in the operative complaint are as follows. On June 28, 2021, the unit manager at SCI-Camp Hill, a non-party, called Plaintiff to appear for an informal

misconduct hearing. (Doc. 16, p. 14.)[1] The unit manager informed Plaintiff that Defendant Knaub had written Plaintiff an informal misconduct five (5) days prior for him being in an unauthorized area. (*Id*., pp. 14–15.) Plaintiff told the unit manager he did not recall the incident and that he had not received any written notice of the incident, in violation of DC-ADM 801. (*Id*., p. 15.) The unit manager responded that he was not entitled to such notice and tried to convince Plaintiff to accept an informal sanction. (*Id*.) Plaintiff claims that he refused to do so and that he informed the unit manager that he wished to challenge the charge at a formal hearing. (*Id*.)

Plaintiff alleges that he subsequently approached Defendant Knaub about the informal misconduct, who confirmed that he had issued the misconduct based upon Plaintiff being, allegedly, in an unauthorized area. (*Id*., p. 16.) Plaintiff told Defendant Knaub that he did not recall the incident and that he had not received any notice of the informal misconduct. (*Id*.) Defendant Knaub instructed him to "go to [his] cell." (*Id*.) Although Plaintiff tried to explain to Defendant Knaub that it was his exercise time, Defendant Knaub threatened to deploy OC spray if he did not return to his cell. (*Id*.)

Plaintiff further alleges that as he was turning to go to his cell, he looked back at Defendant Knaub, who sprayed him in the face. (*Id*., p. 17.) Plaintiff

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

claims that he did not try to resist and that Defendant Knaub's instruction (i.e., telling him to go to his cell) was not "clearly framed as an order[.]" (*Id.*) Plaintiff further claims that Defendant Knaub used "dangerous quantities" of OC spray on him, even though he has a "medical order" that prohibits the use of such spray on him. (*Id.* (stating that he has a "pre-existing respiratory condition").) Thus, when Plaintiff tried to "block" the OC spray, Defendant Knaub used this as "pretext to further assault him" by "slamming" him to the ground. (*Id.*, p. 18.) Additionally, Plaintiff denies having a pencil.[2] (*Id.*)

As a result of this incident with Defendant Knaub, Plaintiff claims that he suffered serious injuries, including blurred vision, an asthma attack, and "injuries" to his neck, right elbow, and left knee from being slammed to the ground. (*Id.*)

This matter is currently scheduled for jury selection on January 13, 2025. (Doc. 95.) In accordance with the court's date certain trial scheduling order, Defendants filed two motions in limine along with supporting briefs. (Docs. 109, 110, 111, 112.) Plaintiff filed briefs in opposition to both motions. (Docs. 116, 117.) At the December 18, 2024 status conference, counsel for Defendant Knaub expressed an intention to file a reply brief. However, as of the date of this

---

[2] There is a factual dispute as to whether or not Plaintiff lunged at Defendant Knaub with a sharpened pencil. (Doc. 80, pp. 21–22.)

memorandum, no reply briefing has been received by the court. Accordingly, Defendants' motions in limine are ripe for disposition.

## LEGAL STANDARD

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, No. 1:15-cv-00859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017) (citations omitted). A motion in limine permits "the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017); *see also United States v. Hamdan*, 537 F. Supp. 3d 870, 878–79 (E.D. La. 2021) ("[T]he purpose of a motion in limine is to prohibit [an opponent] 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'" (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977))).

Moreover, this court has held the following in regards to motions in limine:

> [o]n a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." [*Tartaglione*, 228 F. Supp. 3d at 406.] Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d

5

149, 161 (3d Cir. 1994). . . . Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." [*Ridolfi*, 2017 WL 3198006, at *2] (citation omitted).

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." [*Tartaglione*, 228 F. Supp. 3d at 406] (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

*See United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021).

## DISCUSSION

### A. Defendant Knaub's Motion in Limine to Exclude All Evidence and Testimony Regarding Plaintiff's Previously Dismissed Claims and Parties

In Defendant Knaub's first motion in limine, he requests that the court preclude Plaintiff from introducing any evidence or testimony regarding the previously dismissed claims pertaining to Secretary Harry arguing that any such evidence would confuse and mislead the jury, cause undue delay, and waste time. (Doc. 109.) Plaintiff opposes the motion in limine, arguing that evidence regarding the dismissed claims and parties are still relevant to his remaining claims, "to a full understanding of the adverse actions from Defendant Knaub's retaliation," "to the amount of force used," and "to questions of administrative exhaustion." (Doc. 116.)

6

The admissibility of the proposed evidence challenged by Defendant Knaub is governed, at least in part, by Federal Rules of Evidence 401, 402, and 403. Federal Rule of Evidence 402 states all relevant evidence is admissible. Federal Rule of Evidence 401 states that evidence is relevant where it has "any tendency to make a fact more or less probable than it would without the evidence, and the fact is of consequence in determining the action." Federal Rule of Evidence 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The court acknowledges that motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, but a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del.

7

2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Here, Defendant Kanub's request to preclude all evidence of dismissed claims and parties is broad and will be deferred until trial to allow for the resolution of questions of foundation, relevance, and potential prejudice. Therefore, Defendant Knaub may renew this motion if/when Plaintiff seeks to introduce evidence that pertains to dismissed claims and parties.

### B. Defendant Knaub's Motion in Limine to Exclude Expert Testimony and Evidence Regarding Plaintiff's Alleged Injuries and Alleged Damages

In Defendant Knaub's second motion in limine, he requests that the court preclude Plaintiff from introducing expert testimony and evidence as to Plaintiff's alleged injuries and alleged damages. (Doc. 111.) Specifically, Defendant Knaub seeks to bar any attempt by Plaintiff to provide testimony about the causation of his injuries because he is a lay witness. (*Id.*) Defendant Knaub anticipates that Plaintiff will testify that he allegedly suffers from permanent blurred vision or partial blindness from the single use of O.C. spray on June 28, 2021 and that he allegedly suffers permanent tingling, loss of sensation, or constant numbness in

8

both of his hands caused by the hand cuff restraints following the June 28, 2021 events. (*Id.*) Plaintiff opposes this motion, and clarifies that he has no intention to testify as to any medical diagnoses, just his pain and the treatment he has received. (Doc. 117.) He also argues that no expert testimony or other medical evidence is required "where it is obvious to a lay person through video footage of the injuries and treatment." (*Id.*)

The admissibility of the proposed evidence challenged by Defendant Knaub is governed, at least in part, by Federal Rules of Evidence 701 and 702. Under Rule 701, a non-expert witness may only offer "testimony in the form of an opinion" if it is: "[(1)] rationally based on the witness's perception; [(2)] helpful to clearly understanding the witness's testimony or to determining a fact in issue; and [(3)] not based on scientific technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701. Rule 702 then provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702.

When attempting to introduce evidence relating to injuries allegedly suffered due to a defendant's conduct, if "the complexities of the human body place questions as to the cause of the pain or injury beyond the knowledge of the average layperson[,] . . . the law requires that expert medical testimony be employed." *See Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 852 (3d Cir. 1995) (quoting *Gradel v. Inouye*, 421 A.2d 674, 679 (Pa. 1980)). Thus, while a plaintiff may testify about what occurred and any symptoms he experienced after the defendant's conduct, *see White v. Wireman*, 500 F. Supp. 3d 327, 333 (M.D. Pa. 2020) (addressing motion in limine seeking to preclude plaintiff from introducing evidence that he suffered high cholesterol and low fiber after consuming food provided by a correctional facility that did not comply with his religion, and concluding that plaintiff "could describe the things he ate and the symptoms he experienced thereafter"), "evidence of [a] resulting diagnosis, if any, and its causes are inadmissible unless supported by expert testimony." *See id.* (citing *Ferris v. Pa. Fed'n Bhd. of Maint. of Way Emps.*, 153 F. Supp. 2d 736, 746 (E.D. Pa. 2001) determining that plaintiff could not testify about "any specific medical diagnosis of his mental ailments," such as his depression and anxiety

disorder, because those conditions "are complex injuries beyond the knowledge of the average layperson").

In the instant case, the court will grant the motion in part insofar as Defendant Knaub seeks to preclude Plaintiff from testifying about any specific diagnosis or illness allegedly caused by Defendant Knaub's conduct because such testimony would need to be provided by an expert pursuant to Rule 702.  The court will reserve ruling on the remainder of this motion until the trial in order to place the arguments in the motion in the appropriate factual context.

## CONCLUSION

For the reasons set forth above, the court will (1) defer any ruling on Defendant Knaub's motion in limine seeking to exclude evidence of dismissed claims and parties and (2) grant in part Defendant Knaub's motion in limine seeking to exclude evidence regarding Plaintiff's alleged injuries and alleged damages.  An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: January 6, 2025