IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE HILL, | : | Civil No. 1:21-cv-01424 |
| Plaintiff, | : | |
| v. | : | |
| SUPERINTENDENT HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendant Knaub's motion for renewed judgment as a matter of law and to amend the jury's verdict, Doc. 158, and Plaintiff's bill of costs, Doc. 156. For the reasons addressed below, the court will grant Defendant Knaub's motion, strike the jury's award for nominal damages, issue an amended judgment, and deny Plaintiff's bill of costs.

### PROCEDURAL HISTORY AND BACKGROUND

Dwayne Hill ("Plaintiff") is a state prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correction Institution Pine Grove ("SCI-Pine Grove"). In August of 2021, Petitioner and his spouse initiated this action by raising multiple constitutional challenges pursuant to 42 U.S.C. § 1983 against six defendants. (Doc. 1.) Pursuant to screening under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), Plaintiff's spouse was terminated as a party, his complaint was severed, and the claims against three defendants were

1

transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. 12.) Plaintiff was granted leave to proceed *in forma pauperis* and to file an amended complaint. (*Id.*)

The operative complaint in the above captioned matter was received and docketed by the court on September 21, 2021. (Doc. 16.) Following additional screening of the amended complaint, the court limited Plaintiff's claims to those raised against two defendants: (1) SCI-Camp Hill Superintendent Harry ("Harry") and SCI-Camp Hill Correctional Officer Knaub ("Knaub"). (Doc. 17.) Defendants answered the complaint on November 22, 2021. (Doc. 27.)

Following the resolution of the parties' cross motions for summary judgment, the court granted summary judgment as to Defendant Harry, leaving the sole remaining claims before the court as a First Amendment retaliation claim for the use of O.C. spray against Plaintiff by Defendant Knaub, an Eighth Amendment use of excessive force claim for the use of O.C. spray against Plaintiff by Defendant Knaub, and state law assault and battery claims against Defendant Knaub based on the same use of force. (Doc. 80.) Plaintiff was limited to recovering monetary and retroactive injunctive relief against Defendant Knaub in his personal capacity and prospective injunctive relief against him in his official capacity. (*Id.*)

A jury trial was held in this matter from Monday, January 13, 2025 through Wednesday, January 15, 2025. (Docs. 95, 146.) Following the conclusion of Plaintiff's case in chief, Defendant Knaub moved for the entry of judgment on his behalf with respect to all claims pursuant to Fed. R. Civ. P. 50. The court denied Defendant Knaub's motion. Defendant Knaub then presented his defense and renewed his Rule 50 motion at the conclusion of the case before the jury returned with a verdict. The court denied Defendant Knaub's second motion. The jury returned a defense verdict finding no First or Eighth Amendment liability on the part of Defendant Knaub. (Doc. 146.) The jury did find that Defendant Knaub liable for assault and battery under state tort law, but it also found that Defendant Knaub was acting within the scope of his employment, which is a defense to the tort claims.[1] (*Id.*) The jury awarded Plaintiff nominal damages in the amount of one dollar ($1.00). (*Id.*)

The court entered a judgment on behalf of Defendant Harry and Knaub. (Docs. 153, 154.) However, the court also noted that Plaintiff recovers from Defendant Knaub the amount of one dollar in nominal damages. (Doc. 154.)

On January 30, 2025, Plaintiff filed his bill of costs, seeking reimbursement of costs from Defendant Knaub based on the award of nominal damages. (Doc.

---

[1] It is well-established that employees of the Commonwealth of Pennsylvania are entitled to sovereign immunity from common law tort claims so long as they are acting within the scope of their duties. *See* PA CONST. Art. 1, § 11; 1 Pa. C.S.A. § 2310.

3

156.) On February 5, 2025, Defendant Knaub filed the instant motion for renewed judgment as a matter of law and to amend the jury's verdict. (Docs. 158, 159.) Defendant Knaub also filed his objections to Plaintiff's bill of costs. (Doc. 160.)

## DISCUSSION

### A. Defendant Knaub's Motion For Renewed Judgment As A Matter Of Law And To Amend The Jury's Verdict Will Be Granted.

Federal Rule of Civil Procedure 50(a) authorizes the entry of judgment as a matter of law. A motion for relief under this Rule may be made at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). Where, as here, a court denies a parties' Rule 50(a) motion, "the court is considered to have submitted the action to the jury subject to the courts later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). In the event an adverse judgment is entered, the movant may renew the motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b):

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motions. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). "In order to prevail, the moving party must show that the jury's findings, presumed or expressed, are not supported by substantive evidence, or if they [are], that the legal conclusions implied [by] the jury's verdict cannot in

4

law be supported by the findings." *Moore v. Susquehanna Area Regional Airport Authority*, No. 2-0535, 2005 WL 2430790, at *2 (M.D. Pa. Sept. 30, 2005) (citing *Valenti v. Allstate Ins. Co.*, 243 F. Supp. 2d 221, 223 (M.D. Pa. 2003)).

Here, the legal conclusions implied by the jury's verdict do not support the award of nominal damages. The conclusion that Defendant Knaub has no liability under the law is inconsistent with any award of damages, nominal or otherwise. Therefore, the court will grant Defendant Knaub's motion, strike the award of nominal damages from the judgment, and enter an amended judgment.

### B. Plaintiff's Bill of Costs Will Be Denied.

The Federal Rules of Civil Procedure allow for the recovery of costs by the prevailing party in an action: "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, as set forth above, Plaintiff is not the prevailing party. The jury verdict was a full defense verdict on liability, and the award of nominal damages will be stricken as not supported by the jury's findings. Therefore, Plaintiff's motion for costs will be denied.

## CONCLUSION

For the reasons set forth above, the court will grant Defendant Knaub's motion to amend the judgment and strike the award of nominal damages. Additionally, the court will deny Plaintiff's bill of costs as he is not the prevailing party. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 25, 2025