**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWAYNE HILL,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT HARRY, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 1:21-cv-01424<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to vacate the court's November 19, 2025 order allowing the withholding of funds from Dwayne Hill's ("Plaintiff") inmate account to cover costs owed to Defendant Knaub. (Doc. 177.) Plaintiff argues that he has not consented to the withholding of fees from his prisoner trust fund account. (*Id.*) For the following reasons, the court will deny Plaintiff's motion, but will *sua sponte* correct its November 19, 2025 order to reflect the correct amount to be withheld from the inmate's account.

### Background and Procedural History

Plaintiff is a state prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correction Institution Pine Grove ("SCI-Pine Grove"). In August of 2021, Petitioner and his spouse initiated this action by raising multiple constitutional claims pursuant to 42 U.S.C. § 1983 against six defendants. (Doc. 1.) Pursuant to screening under 28 U.S.C. §§

1915A(b)(1) and 1915(e)(2)(B), Plaintiff's spouse was terminated as a party, his complaint was severed, and the claims against three defendants were transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. 12.) Plaintiff was granted leave to proceed *in forma pauperis* and to file an amended complaint. (*Id.*)

The operative complaint in the above-captioned matter was received and docketed by the court on September 21, 2021. (Doc. 16.) Following additional screening of the amended complaint, the court limited Plaintiff's claims to those raised against two defendants: (1) SCI-Camp Hill Superintendent Harry ("Harry") and SCI-Camp Hill Correctional Officer Knaub ("Knaub"). (Doc. 17.) Defendants answered the complaint on November 22, 2021. (Doc. 27.)

Following the resolution of the parties' cross motions for summary judgment, the court granted summary judgment as to Defendant Harry, leaving the sole remaining claims before the court as a First Amendment retaliation claim for the use of O.C. spray against Plaintiff by Defendant Knaub, an Eighth Amendment use of excessive force claim for the use of O.C. spray against Plaintiff by Defendant Knaub, and state law assault and battery claims against Defendant Knaub based on the same use of force. (Doc. 80.) Plaintiff was limited to recovering monetary and retroactive injunctive relief against Defendant Knaub in

his personal capacity and prospective injunctive relief against him in his official capacity. (*Id.*)

A jury trial was held in this matter from Monday, January 13, 2025 through Wednesday, January 15, 2025. (Docs. 95, 146.) Following the conclusion of Plaintiff's case in chief, Defendant Knaub moved for the entry of judgment on his behalf with respect to all claims pursuant to Fed. R. Civ. P. 50. The court denied Defendant Knaub's motion. Defendant Knaub then presented his defense and renewed his Rule 50 motion at the conclusion of the case before the jury returned with a verdict. The court denied Defendant Knaub's second motion. The jury returned a defense verdict finding no First or Eighth Amendment liability on the part of Defendant Knaub. (Doc. 146.) The jury did find Defendant Knaub liable for assault and battery under state tort law, but also found that Defendant Knaub was acting within the scope of his employment, which is a defense to the tort claims. (*Id.*) The jury awarded Plaintiff nominal damages in the amount of one dollar ($1.00). (*Id.*)

The court entered judgment on behalf of Defendant Harry and Knaub. (Docs. 153, 154.) However, the court also noted that Plaintiff recovers from Defendant Knaub the amount of one dollar in nominal damages. (Doc. 154.)

On January 30, 2025, Plaintiff filed his bill of costs, seeking reimbursement of costs from Defendant Knaub based on the award of nominal damages. (Doc.

156.) On February 5, 2025, Defendant Knaub filed a motion for renewed judgment as a matter of law and to amend the jury's verdict. (Docs. 158, 159.) Defendant Knaub also filed an objection to Plaintiff's bill of costs. (Doc. 160.) On February 25, 2025, the court granted Defendant Knaub's motion for a renewed judgment as a matter of law and amended the jury's verdict to exclude the nominal damages and denied Plaintiff's bill of costs as he was not the prevailing party in the action. (Docs. 162, 163.) The court then amended the judgment in accord with its order. (Doc. 164.)

On March 27, 2025, Defendant Knaub filed a bill of costs. (Doc. 167.) The Clerk of Court awarded Defendant Knaub costs of $412.15, noting that the $20.00 of the requested total of $432.15 was not taxable. (Doc. 169.) Plaintiff objected. (Doc. 170.) The court overruled the objection and affirmed the Clerk of Court's order requiring payment of $432.15. (Doc. 173.)

On October 24, 2025, Defendant Knaub filed a motion to enforce Plaintiff's payment of costs, or, in the alternative, to have $432.15 deducted from his inmate account. (Doc. 174.) On November 19, 2025, the court granted Defendant Knaub's motion. (Doc. 176.)

On December 15, 2025, Plaintiff filed a motion to vacate the court's November 19, 2025 order arguing that he had not consented to the funds being withheld from his inmate account and there was a pending appeal. (Doc. 177.)

The court will now address this order, and the apparent error in the November 19, 2025 order requiring payment of $432.15 instead of $412.15.

## STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These limited set of circumstances are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

## DISCUSSION

Plaintiff argues that the court cannot enter an order allowing costs to be withheld from his inmate account without his consent and that there is a pending appeal, which renders the collection of costs premature. (Doc. 178.) Under 28 U.S.C. § 1915(f), when a judgment entered against a prisoner includes the payment of costs, the costs "shall" be withheld from his inmate account in the same manner as is provided for filing fees. Defendants argue that by proceeding *in forma pauperis* in this action under 28 U.S.C. §1915, Plaintiff has inherently consented to the terms set forth in the statute. (Doc. 179, p. 6–7.)[1] The court agrees. Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 8.) This motion was granted, and Plaintiff enjoyed the benefit afforded him under the statute. (Docs. 12, 19.) Plaintiff's motion is an attempt to enjoy the benefit of proceeding *in forma pauperis* while avoiding the consequences of bringing an unsuccessful claim before the court. This will not be permitted by the court. Plaintiff has consented to the terms of 28 U.S.C. § 1915, including the payment of costs, and Plaintiff's motion will be denied.

As for Plaintiff's argument that taxations of costs is premature due to a pending appeal, the court notes that the appeal was denied for nonpayment of filing

[1] For ease of reference, the court uses the page number from the CM/ECF header.

fees in February of 2026. (Doc. 181.) Therefore, this is no reason to delay the payment of costs.

Additionally, the court notes that the November 19, 2025 order allowed the withholding of $432.15 from Plaintiff's inmate account. (Doc. 176.) However, the Clerk's Taxation of Costs only allowed for the recovery of $412.15 in costs, after finding that the $20.00 paid in shipping was not taxable. (Doc. 169.) Therefore, the court will *sua sponte* amend the November 19, 2025 order to reduce the total to be withheld from Plaintiff's inmate account to $412.15.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion to vacate the November 19, 2025 order. However, the court will amend the order to reflect the correct amount set forth on the Clerk's Taxation of Costs.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 3, 2026